People v Addison (2022 NY Slip Op 05766)

People v Addison

2022 NY Slip Op 05766

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Ind. No. 2534/17 Appeal No. 16409 Case No. 2018-4639 

[*1]The People of the State of New York, Respondent,
v
Raheem Addison, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sarah Chaudhry of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 5, 2018, convicting defendant, upon his plea of guilty, of assault in the first degree and aggravated vehicular assault, and sentencing him to an aggregate term of five years, unanimously affirmed.
Supreme Court properly found, in opposition to defendant's motion for a Wade hearing, that the People sufficiently met their burden establishing that the identification at issue was confirmatory and that no hearing was necessary (see generally People v Rodriguez, 79 NY2d 445, 451-453 [1992]). In their response to defendant's motion, the People argued that there was no improper police conduct and opposed the hearing asserting there was no possibility that any identification was tainted by police misconduct or was the result of police suggestion given the prior relationship between the identifying witness and defendant. In further support, the People referred the motion court to the facts in the grand jury minutes which were submitted to the court for in camera review. Supreme Court properly considered the evidence presented to the grand jury in denying the motion for a hearing (see People v Thomas, 190 AD3d 591 [1st Dept 2021], lv denied 37 NY3d 960 [2021]; People v Rodriguez, 47 AD3d 417 [1st Dept 2008], lv denied 10 NY3d 816 [2008]). Further, our own in camera review of the grand jury transcript confirms the motion court's determination.
We see no reason to reconsider our previous denial of defendant's motion to expand the record to include the grand jury transcript and provide a copy to defendant. A party seeking disclosure of grand jury minutes must demonstrate a compelling and particularized need for access sufficient to overcome the presumption of confidentiality and secrecy with regard to those proceedings (see CPL 190.25[4][a]; Matter of District Attorney of Suffolk County, 58 NY2d 436, 444 [1983]). Defendant has failed to make such a showing.
We perceive no basis for reducing defendant's sentence, including his five-year term of postrelease supervision.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022